IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA J. CHEEK,

                      Plaintiff,

    v.

MATTHEW KIRKPATRICK, KATHLEEN COOK,
JAZMINE WILLIAMS, BENJIMON J. SIEG,          OPINION and ORDER
EAU CLAIRE PD JOHN DOE OFFICERS,
CHRIS KLEMME, COLLIN DECAMBLAIZA,           23-cv-377-jdp
LILLY NICHOLS, JANE DOE MCKENA,
JANE DOE LYNN, JANE DOE BELLA,
JOHN DOE SHEY, JOHN DOE CLAY,
and JOHN AND JANE DOES,

                      Defendants.

---

Plaintiff Joshua J. Cheek, appearing pro se, is an inmate at Dodge Correctional Institution. Cheek alleges that he was wrongfully arrested and detained and that he was mistreated while confined at multiple facilities. The court has already allowed Cheek to proceed with this case in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Cheek's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Cheek cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure. I will give him a chance to amend his complaint.

Cheek alleges that in July 2022 he was unlawfully arrested by Eau Claire police for making terroristic threats. This led to Cheek being held at the county jail and later at an adult family home as part of an alternative-to-revocation program. Cheek states that he was mistreated at both the jail and the adult family home. He was unable to file grievances at either facility and he was stabbed while at the adult family home. Cheek believes that he was attacked as part of a conspiracy to kill him.

There are two fundamental problems with Cheek's complaint. First, it appears that he is trying to bring at least three sets of claims about (1) his unlawful arrest; (2) events at the county jail; and (3) events at the adult family home. But there is no indication that the same officials are responsible for the three types of claims. These allegations almost certainly violate Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Second, it is unclear exactly how many different interactions are included in the current lawsuit because Cheek's allegations are too vague. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Because claims like these brought under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant

that Cheek wishes to sue in this case must be able to understand what they are alleged to have done to violate his rights. Cheek explains the various positions that many of the defendants hold but he doesn't explain precisely what they did that harmed him or how they were involved in the events discussed in his lawsuit. Cheek seems to be asserting that there is a wide-ranging conspiracy against him, but the court reviews conspiracy allegations carefully. *See Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009). Even at the pleading stage, it is "essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Cheek's allegations do not meet this standard.

I will give Cheek a short time to amend his allegations to state claims against individual defendants and to explain whether this case needs to be split into more than one lawsuit. If Cheek's amended allegations make clear that he wants to bring claims about more than one set of incidents, he should choose which set of incidents he wishes to bring in this lawsuit. Other sets of allegations belong in separate lawsuits.

In drafting his amended complaint, Cheek should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

If Cheek does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua J. Cheek's complaint, Dkt. 1, is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until July 12, 2023, to submit a new complaint that complies with Rules 18 and 20.

Entered June 21, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge